# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY COLLINS,<br>　　　Petitioner, | Civil Action No. 1:08-cv-217 |
| | Barrett, J. |
| vs. | Black, M.J. |
| TIMOTHY BRUNSMAN, WARDEN,<br>　　　Respondent. | REPORT AND<br>RECOMMENDATION |

Petitioner, a state prisoner, brings this case *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1) and respondent's return of writ and exhibits thereto. (Doc. 10).

## I.  PROCEDURAL HISTORY

The 2005 Term of the Hamilton County Grand Jury indicted petitioner on one count of aggravated murder as defined in Ohio Revised Code § 2903.01(B), with a special felony specification; one count of aggravated robbery as defined in Ohio Revised Code § 2911.01(A)(1), with a firearm specification; one count of felonious assault as defined in Ohio Revised Code § 2903.11(A)(2), with a firearm specification; and one count of having weapons while under disability as defined in Ohio Revised Code § 2923.13(A)(3). (Doc. 10, Exhibit 1).

On May 5, 2006, petitioner withdrew his initial plea of not guilty and pled guilty to a reduced charge of voluntary manslaughter with a specification (Count 1) and felonious assault with a specification (Count 2). (Doc. 10, Exhibits 2, 3). The remaining charges were dismissed. (Doc. 10, Exhibit 3).  Pursuant to the agreed sentence contained in the plea agreement, the trial court sentenced petitioner to eight years for voluntary manslaughter and four years for felonious assault, to be served consecutively to each other as well as to the merged three-year specification for a total of 15 years. (Doc. 10, Exhibit 4).

**Delayed Direct Appeal**

On June 12, 2006, petitioner filed a *pro se* notice of appeal and a motion for leave to file a delayed appeal in the First District Court of Appeals. (Doc. 10, Exhibit 5). The Court of Appeals granted the motion and appointed counsel. (Doc. 10, Exhibit 7). Counsel for petitioner filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he was unable to find any meritorious issue to present on appeal.[1] (Doc. 11, Exhibit 8). Nevertheless, after consultation with petitioner, counsel set forth in his brief two points petitioner wished to be addressed in his appeal:

> 1. Collins' sentence violates the holdings of Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and State v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
>
> 2. Voluntary manslaughter and felonious assault are allied offenses of similar import.

(Doc. 10, Exhibit 8). The State filed a response. (Doc. 10, Exhibit 9). On March 27, 2007, the Court of Appeals affirmed the judgment of the trial court, finding no grounds supporting a meritorious appeal. (Doc. 10, Exhibit 10).

On April 27, 2007, petitioner filed a *pro se* notice of appeal in the Supreme Court of Ohio. (Doc. 10, Exhibit 11). In his memorandum in support of jurisdiction, petitioner raised the following propositions of law:

> 1. The court of appeals abused its discretion and deprives a litigant of his absolute right to procedural due process of law where the court denies a motion for delayed appeal with out record evidence indicating that there was a waiver of the right to appeal and appointment of counsel for such and appeal.
>
> 2. The common pleas court violated appellant's right to trial by jury by sentencing appellant to a term of incarceration which exceeded the statutory maximum

---

[1] Where counsel appointed for the direct appeal believes, after conscientious examination, the appeal to be without merit, *Anders* requires the attorney to so advise the court, ask permission to withdraw, and file a brief directing the appellate court's attention "to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744 (internal citations omitted). The defendant must be notified and given the opportunity to raise any additional points. *Id*.

mandated by the Sixth and Fourteenth Amendments. The decision by the Supreme Court of Ohio in *State v. Foster* (2006), 109 Ohio St. 3d 1, which purports to authorize sentences in excess of the statutory maximum is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.

3. The court of common pleas violated appellant's rights under the ex post facto clause of the federal constitution by sentencing appellant to a term of incarceration which exceeded the maximum penalty available under the statutory framework at the time of the offenses. The decision rendered by the Ohio supreme Court in *State v. Foster* (2006), 109 Ohio St. 3d 1, which purports to authorize the sentence rendered, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.

4. Appellant's sentence exceeding the minimum sentence is void where he was never put on notice that his sentence would be enhanced and the case of *State v. Foster* (2006), 109 Ohio St. 3d 1, has been implicitly abrogated by *Washington v Recuenco*, (2006), 126 S.Ct. 2546.

5. Article I, § 18, Ohio Constitution mandates that Ohio Revised Code §2929.14(B) is the law of Ohio notwithstanding *State v. Foster* (2006), 109 Ohio St. 3d 1, and therefore the appellant is entitled to the shortest prison term provided by law.

(Doc. 10, Exhibit 12).

On September 26, 2007, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 10, Exhibit 13).

## Federal Habeas Corpus

Petitioner filed the instant petition for a writ of habeas corpus setting forth the following grounds for relief:

**GROUND ONE:** Appellant counsel failed to bring forth the issue of the crime were committed at the same time and places.

**Supporting Facts**: Ohio law states that the defendant can only be convicted one offense of the indictment, which means similar imports or allied offenses.

**GROUND TWO:** Petitioner states that his case and sentence was prior to the ruling of *State v. Foster*, and he should have been sentenced to minimum sentence by law.

3

**GROUND THREE:** Appellate counsel failed to brief and review the ruling in *State v. Foster*, petitioner has been sentenced prior to the ruling in *Foster* and should have received the minimum sentence of three years for both offenses. Appellate counsel filed a meritless brief. Anders.

(Doc. 1).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's

application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented. *Schoenberger v. Russell,* 290 F.3d 831, 835 (6th Cir. 2002); *Harris v. Stovall,* 212 F.3d 940, 943 & n. 1 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The review is not a full *de novo* review of the claims, but is deferential to the state court's determination. *Id.*

### III.  PETITIONER'S SENTENCING CLAIM UNDER *BLAKELY* IS WITHOUT MERIT AND SHOULD BE DENIED.

Ground Two of the petition asserts that petitioner was sentenced to more than the minimum possible sentence in violation of his Sixth and Fourteenth Amendment rights. Petitioner argues that the Supreme Court of Ohio's decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, *cert. denied,* 127 S.Ct. 442 (2006), which excised certain provisions of Ohio's sentencing statute found to be unconstitutional, is incompatible with controlling United States Supreme Court authority and, therefore, his sentence which was imposed pursuant to the statute as revised by *Foster* is unconstitutional. (Doc. 10, Exh. 12 at 2-7).

In *State v. Foster*, the Supreme Court of Ohio held that several provisions of Ohio's felony sentencing statute were unconstitutional pursuant to the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely,* the Supreme Court determined that an enhanced sentence imposed by a judge under a state's sentencing statute, which was based on facts

5

neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* 542 U.S. at 303. Importantly, the *Blakely* Court clarified that "the 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* The reasoning of *Blakely* was extended by the Supreme Court to the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sixth Amendment as construed in *Blakely* applied to the Federal Sentencing guidelines and thus any fact (other than a prior conviction) that increases a defendant's sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See Booker*, 543 U.S. at 244. The *Booker* Court held that the Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 243-44. To remedy the Sixth Amendment violation, the Supreme Court severed two sections of the Sentencing Reform Act, effectively making the Sentencing Guidelines advisory. *See id.* at 244-264 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

On February 27, 2006, the Supreme Court of Ohio in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), held that certain provisions of Ohio's sentencing statute were unconstitutional under *Blakely* because they mandated additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender penalty enhancements. *See id.* at 19-25, 845 N.E.2d at 490-94. Noting that the "overriding goals of

Ohio's sentencing scheme are to protect the public and punish the offender," and that the Ohio legislature "delegated the role of determining the applicability of sentencing factors to judges rather than to juries to meet these overriding goals," the Supreme Court of Ohio determined as in *Booker* that the proper remedy was to sever the *Blakely*-offending portions of the statutes and grant trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *Id.* at 25-30, 845 N.E.2d at 494-98. Following the severance of the unconstitutional portions, the resulting Ohio sentencing statutes eliminated the presumptions in favor of minimum and concurrent sentences and allowed a court to sentence a defendant to any term within a crime's sentencing range or to consecutive sentences without making findings of fact.

When petitioner was sentenced in May of 2006, *Foster* had already been decided and applied to his sentencing. Thus, the trial judge had full discretion to impose non-minimum prison terms without the necessity of judicial fact-finding when she sentenced petitioner. *Foster,* 109 Ohio St.3d at 25-30, 845 N.E.2d at 494-98. *See also Minor v. Wilson,* 213 Fed. Appx. 450, 453 n. 1 (6th Cir. 2007). More importantly, the trial judge did not engage in impermissible fact-finding because she imposed the non-minimum sentences to which petitioner agreed as set forth in the plea agreement. This Court has previously recognized that "by agreeing as a term of the plea bargain to a specified prison sentence . . . petitioner waived any argument that such sentence was imposed under statutory standards held to be unconstitutional by the Supreme Court in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), in light of *Blakely v. Washington*, 542 U.S. 296 (2004)." *Todd v. Wolfe*, No. 1:05-cv-737, 2007 W.L. 951616, at *7 n. 8 (S.D. Ohio March 28, 2007) (Spiegel, J.) (and cases cited therein). *See also Crenshaw v. Hart*, No. 1:07-cv-575, 2008 WL 4877765, at *7 (S.D.

7

Ohio Nov. 12, 2008) (Beckwith, J.); *Warren v. Warden*, No. 1:06-cv-534, 2008 WL 1732976 at *5 (S.D. Ohio April 10, 2008) (Barrett, J.); *Carley v. Hudson*, 563 F. Supp.2d 760, 778 (N.D. Ohio 2008); *Rockwell v. Hudson,* No. 5:06-cv-391, 2007 WL 892985, at *7 (N.D. Ohio March 21, 2007).[2]

Petitioner's sentence was based on facts he admitted to and the length of incarceration he stipulated to, and not on any judicially-found facts. The trial court accepted the terms bargained for by the parties and, under these circumstances, the Court cannot say that petitioner's sentence violated the Sixth Amendment or *Blakely*. Therefore, petitioner is not entitled to habeas corpus relief based on Ground Two of the petition.

## IV. PETITIONER'S INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL CLAIMS HAVE NOT BEEN EXHAUSTED, BUT ARE NEVERTHELESS WITHOUT MERIT AND SHOULD BE DENIED.

As an initial matter, the Court notes that petitioner has not exhausted the ineffective assistance of counsel claims raised in Grounds One and Three of the petition. Petitioner has never presented these claims to the state courts of Ohio. Since petitioner may still file an application to reopen his direct appeal on the basis of ineffective assistance of counsel pursuant to Ohio App. R. 26(B), he has an avenue open to him by which he may present his claims to the Ohio courts.

Generally, the failure to exhaust state court remedies requires dismissal of the entire petition. *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)). However, because the exhaustion requirement is not jurisdictional, an application for

---

[2] The undersigned acknowledges there is a contrary decision from the Columbus Division of this Court. *See Friley v. Wolfe*, 2006 WL 3420209 (S.D. Ohio Nov. 27, 2006) (Marbley, J.). However, for the reasons set forth in *Warren,* 2008 WL 1732976, *5, *16-17 (S.D. Ohio 2008), the Court declines to follow *Friley*.

writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(2). *See also Granberry v. Greer*, 481 U.S. 129 (1987). The failure to exhaust state remedies is not an absolute bar to adjudication on the merits where, as here, the federal claims lack merit, and requiring additional proceedings in state court would waste time and judicial resources. *Lyons*, 188 F.3d at 333; *see also Colbert v. Tambi*, 513 F. Supp.2d 927, 938 (S.D. Ohio 2007). In this case, the Court shall excuse the exhaustion requirement in the interest of judicial economy and proceed to address the merits of petitioner's unexhausted claims.

To establish his ineffective assistance of appellate counsel claims, petitioner must demonstrate: (1) his attorney on direct appeal made such serious errors he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) his attorney's deficient performance prejudiced the defense by undermining the reliability of the appeal result. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984).

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

To satisfy the "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal

proceedings would have been different. *Id*. at 694. A showing by petitioner that the alleged errors had "some conceivable" effect on the outcome of the proceeding is insufficient to meet this standard. *Id*. at 693. However, by the same token, petitioner need not demonstrate that his counsel's conduct "more likely than not" altered the outcome of the proceeding to establish prejudice. *See id.* Petitioner has met his burden if he shows that the decision reached would "reasonably likely have been different absent the errors." *Id*. at 695; *see also Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003); *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000).

The Court need not examine the question of whether counsel's performance was deficient before addressing the question of whether petitioner was prejudiced by counsel's performance. The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner has made an insufficient showing on either ground. *Id*. at 697.

In this case, the petition asserts that appellate counsel was ineffective because he failed to challenge petitioner's non-minimum sentences as violating the *Blakely* and *Foster* decisions, and failed to raise a claim that voluntary manslaughter and felonious assault are allied offenses of similar import. Despite appellate counsel's failure to raise these claims in his *Anders* brief, he in fact did bring these claims to the attention of the Ohio Court of Appeals as issues petitioner wished to be addressed in his appeal. (Doc. 10, Exhibit 8). These claims were in fact considered and rejected by the Ohio Court of Appeals. (Doc. 10, Exhibit 10). Therefore, any disadvantage petitioner may have suffered as a result of his counsel's failure to include a *Blakely* sentencing claim and allied offense claim as assignments of error was overridden when petitioner was permitted to present these claims of error on appeal. Since the Ohio Court of Appeals reviewed petitioner's claims, petitioner suffered no prejudice as a result of counsel's failure to independently

10

raise the claims.

Moreover, as discussed above, petitioner's *Blakely* sentencing claim is without merit because the trial court did not engage in impermissible fact-finding but based petitioner's non-minimum sentences on the parties' agreed-upon sentences as set forth in the plea agreement. Thus, petitioner has failed to demonstrate that a "reasonable probability" exists that, but for his appellate counsel's alleged failure to raise the *Blakely* sentencing claim, the result of the direct appeal proceeding would have been different. *Strickland*, 466 U.S. at 694. Accordingly, Ground Three of the petition is without merit and should be denied.

Nor was counsel remiss in not raising a claim that voluntary manslaughter and felonious assault are allied offenses of similar import in violation of petitioner's Fifth Amendment right to be free from double jeopardy by imposing multiple punishments for the same offense. Ground One of the petition is without merit because petitioner's voluntary manslaughter and felonious assault convictions are not allied offenses of similar import, but involved separate victims. The voluntary manslaughter offense involved the killing of George Martin. The felonious assault conviction involved hitting Marietta Jackson in the head with a gun. (Doc. 10, Exhibit 1, Exhibit 8 at 2; Transcript at p. 99). Since the offenses involved separate victims, the crimes involved a separate animus and are not considered allied offenses of similar import. *See State v. Scheutzman*, No. 07CA22, 2008 WL 4988990, at \*2 (Ohio App. 4th Dist. Nov. 14, 2008) (and cases cited therein); *State v. Polk*, No. 88639, 2007 WL 2443883, \*2 (Ohio App. 8th Dist. 2007); *State v. Smith,* No. 04AP-859, 2005 WL 1220742, \*10 (Ohio App. 10th Dist. May, 24, 2005); *State v. Soledad*, No. 17026, 1995 WL 296318, at \*4 (Ohio App. 9th Dist. May 17, 1995). It would not have been reasonable to expect petitioner's appellate counsel to raise this claim as an assignment of error on

appeal. *See Strickland*, 466 U.S. at 688. Accordingly, petitioner is not entitled to federal habeas corpus relief based on the ineffective assistance of appellate counsel claim alleged in Ground One of the petition.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) should be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  May 12, 2009              s/Timothy S. Black
         Kl                      Timothy S. Black
                                 United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ANTHONY COLLINS,  
    Petitioner,

vs.

TIMOTHY BRUNSMAN, WARDEN,  
    Respondent.

Civil Action No. 1:08-cv-217

Barrett, J.  
Black, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within fifteen (15) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).